IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY RODRIGUEZ, | : | Civil No. 3:21-cv-56 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN ERIC BRADLEY, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Henry Rodriguez ("Rodriguez"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary, Canaan, in Waymart, Pennsylvania ("USP-Canaan"). Rodriguez seeks review of the BOP's decision to deny his referral to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.*). In addition, Rodriguez moves for class certification and appointment of class counsel. (Doc. 4).

The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

**I.     Background**

Rodriguez is serving a 120-month term of imprisonment for conspiracy to introduce cocaine into the United States, imposed by the United States District Court for the District of Puerto Rico. (Doc. 9-4, p. 1, Declaration of Matthew Lavelle ("Lavelle Decl."), ¶ 4; *see also*

Doc. 1, p. 1; Doc. 2, p. 21). His projected release date is September 29, 2025, *via* good conduct time. (Doc. 9-4, Lavelle Decl. ¶ 4).

On April 27, 2020, Rodriguez submitted an Inmate Request to Staff seeking "Compassionate Release/Reduction in Sentence to home confinement" due to the COVID-19 pandemic. (*See* Doc. 9-4, p. 8). In response, the Warden informed Rodriguez that the BOP was working to mitigate the spread of the virus, that inmates will be considered on an individual basis for pre-release confinement, and that they were working to implement the directives of the Memoranda from the Attorney General regarding prioritization of home confinement in response to the virus. (*Id.*).

On May 12, 2020, Rodriguez filed a motion with the sentencing court seeking early compassionate release under the CARES Act. *See United States v. Rodriguez*, No. 3:17-cr-205, Doc. 294 (D.P.R. May 12, 2020). On May 24, 2020, the sentencing court denied the motion and found that Rodriguez is not in a vulnerable age group and did not exhaust administrative remedies. (*Id.*, Doc. 295).

On June 22, 2020, the Warden of USP-Canaan advised Rodriguez that he must meet the following criteria to be referred for compassionate release/reduction in sentence:

> [A]ge 65 or older; suffer from chronic or serious medical conditions related to the aging process; experiencing deteriorating mental or physical health that substantially diminishes your ability to function in a correctional facility; conventional treatment promises no substantial improvement to your mental or physical condition; and, have served at least 50% of your sentence

(Doc. 9-4, pp. 9-10, citing Program Statement 5050.50). After reviewing these requirements, the Warden denied Rodriguez's request for early compassionate release and found that Rodriguez "is not experiencing a deteriorating mental or physical health condition that substantially diminishes his ability to function in a correctional facility. He is considered a Care One Healthy or Simple Chronic Care inmate." (Doc. 9-4, pp. 9-10). The Warden also determined that Rodriguez was ineligible for compassionate release and a sentence reduction based on a Low recidivism risk Pattern score and because he did not meet the 50% time-served criteria. (*Id.*; *see also* Doc. 9-4, Lavelle Decl. ¶ 7). Rodriguez failed to appeal this determination.

## II.   Discussion

Rodriguez challenges the denial of his pre-release placement *via* 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

### A.   Exhaustion of Administrative Remedies

Respondent argues that the petition should be dismissed based on Rodriguez's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 9, pp. 8-11). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000);

3

*Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. (Doc. 9, p. 9, n. 4, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar

4

days of the date on which was the basis of complaint occurred. (*Id.*, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. (*Id.*, citing 28 C.F.R. § 542.18). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at the Central Office within thirty calendar days from the date of the Regional Director's response. (*Id.*, citing 28 C.F.R. § 542.15(a)).

The record reflects that Rodriguez has not filed any administrative remedies during his incarceration with the BOP. (Doc. 9-4, Lavelle Decl. ¶ 5; Doc. 9-4, p. 7, Administrative Remedy Generalized Retrieval). Rodriguez does not dispute this failure to exhaust. (*See* Doc. 1, p. 2). Instead, he asks this Court to excuse his failure to exhaust based on futility, irreparable harm, and his belief that exhaustion is not required. (Doc. 2, pp. 14-15; Doc. 11, pp. 2-7; Doc. 13, pp. 2-6). However, courts within the Third Circuit have consistently recognized that a petitioner challenging the fact, duration, or execution of his sentence— including a request for release to home confinement—must first demonstrate that he has fully exhausted his available administrative remedies. *See, e.g., Gottstein v. Finley*, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020) (dismissing without prejudice for his failure to exhaust his administrative remedies petitioner's habeas petition requesting immediate release to home confinement under the CARES Act); *Cordaro v. Finley*, 2020 WL 2084960, at *5 (M.D. Pa. Apr. 3, 2020) (dismissing without prejudice petitioner's habeas petition for

his failure to exhaust his administrative remedies after his request for home confinement under the CARES Act was denied by respondent); *Chaparro v. Ortiz*, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (dismissing for failure to exhaust administrative remedies habeas petition requesting release to home confinement under the CARES Act); *Furando v. Ortiz*, 2020 WL 1922357 (D.N.J. Apr. 21, 2020) (dismissing without prejudice habeas petition seeking immediate release to home confinement under the CARES Act due to his failure to exhaust his BOP administrative remedies). Despite being aware of the BOP's exhaustion requirements, Rodriguez did not even attempt to exhaust the available administrative remedies, and, thus, failed to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance, and any delays in processing an appeal, do not render the administrative review process unavailable or futile. Rodriguez fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not advanced a plausible argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Rodriguez to invoke the judicial process despite failing to complete administrative review.

## B. The CARES Act and Judicial Review of Home Confinement Denial[1]

Even if Rodriguez had exhausted his administrative remedies, the habeas petition would nevertheless be subject to dismissal because the Court has no authority under the CARES Act to grant Rodriguez's request for home confinement. "[T]he CARES Act provides the discretion for determining early home confinement release solely to the BOP." *United States v. Mathews*, No. 2:86-cr-197, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020); *see also Adams v. Trate*, No. 1:20-cv-237, 2020 WL 7337806, at *2 (W.D. Pa. Dec. 14, 2020) (collecting cases); *United States v. Robinson*, No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n.2 (M.D. Pa. Sept. 28, 2020) (noting that "the Court does not have the authority to grant [a request for home confinement] in that the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"). Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020, set out the factors to guide the BOP's determination regarding requests for home confinement.

The plain text of the CARES Act grants additional discretion to the Attorney General and the BOP; it does not require the BOP to release all at-risk, non-violent inmates on home

---

[1] The Court notes that E. Bradley, the Warden of USP-Canaan, denied Rodriguez's request for compassionate release on June 22, 2020. (Doc. 9-4, pp. 9-10). This Court, however, has no authority to consider a request for compassionate release in a § 2241 petition. *See United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires [compassionate release] motions to be addressed to the sentencing court. . . ."); *see also Alexis v. Ortiz*, No. 19-1085, 2019 WL 2367034, at *2 (D.N.J. June 5, 2019). Rodriguez must seek such relief from his sentencing court. *Id.* The Court observes that Rodriguez filed a motion for compassionate release with his sentencing court. *See United States v. Rodriguez*, No. 3:17-cr-205, Doc. 294 (D.P.R. May 12, 2020).

7

confinement. Because "Congress has not identified any further circumstance in which the Bureau either must grant" home confinement "or is forbidden to do so . . . all [the Court] must decide is whether the Bureau, the agency empowered to administer" the home confinement program, "has filled the statutory gap 'in a way that is reasonable.'" *Lopez v. Davis*, 531 U.S. 230, 242 (2001) (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)). The record reflects that Rodriguez has a Low recidivism risk Pattern score and, as of the date of the Warden's review, did not serve at least 50% of his sentence. (Doc. 9-4, Lavelle Decl. ¶ 7). Consistent with the Attorney General's Memoranda, Rodriguez is not a priority candidate for home confinement. Thus, Rodriguez cannot demonstrate that the BOP's interpretation of the CARES Act is unreasonable as applied to him. Therefore, the Court cannot grant Rodriguez's request to be released on home confinement.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice. Because the Court is dismissing the habeas petition, the Court declines to consider Rodriguez's request for class certification and appointment of class counsel. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 22, 2021